United States District Court
District of Connecticut
FILED AT NEW HAVEN

_____February 6_____,20 26

By_____S. Santos_____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN THE MATTER OF APPLICATION OF SEARCH WARRANTS FOR TARGET DEVICES | 3:26-MJ-144___ (MEG) <br><br> **Filed Under Seal** |

## CONSOLIDATED AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR SEARCH WARRANTS

I, Ryan Halpin, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2.      I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since 2019. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent authorized to enforce criminal laws and duly authorized by the Attorney General to request a search warrant. I have participated in investigations involving individuals suspected of interstate transportation of stolen property and other federal offenses. I have written, obtained, and/or coordinated the execution of search and arrest warrants pertaining to individuals involved in various federal offenses. I have prepared or assisted in the preparation of affidavits in support of applications for search warrants, including warrants for information associated with cellular devices, which have resulted in orders being

1

issued. I have received training in a variety of areas relevant to my position as a Special Agent while at the FBI Academy in Quantico, Virginia.

3.     In connection with these investigations, I have coordinated controlled purchases of illegal drugs utilizing cooperating sources; conducted electronic and physical surveillance of individuals involved in organized criminal activity; analyzed records documenting the purchase and sale of illegal drugs and other items; and debriefed cooperating sources and drug distributors, as well as other local, state and federal law enforcement officers, regarding the manner and means employed by organized criminal enterprises. I have participated in previous Title III investigations, including by monitoring intercepted communications, completing extensive toll analysis, and conducting physical and electronic surveillance of investigative targets. I have also participated in investigations involving individuals suspected of possession of child pornography and other offenses involving children.

4.     I submit this application for search warrants, pursuant to Federal Rule of Criminal Procedure 41, for the following devices:

a.  The cellular device assigned number 203-558-9036, used by Angel VASQUEZ, as more specifically described in Attachment A-1 ("**Target Telephone-2**"). **Target Telephone-2** is serviced by AT&T and is subscribed to "Jose Jose" at 1360 North Main Street Waterbury, Connecticut. The contact email provided was "bebo417@icloud.com";

b.  The cellular device assigned number 475-337-8705, used by Alvaro PEREZ, as more specifically described in Attachment A-2 ("**Target Telephone-3**"). **Target**

Telephone-3 is serviced by T-Mobile and subscribed in the name of "Yohanni Osario-Rodriguez" at 36 French Street, Waterbury CT;

c. The cellular device assigned number 212-470-1817, used by Giovanni BENOIT, as more specifically described in Attachment A-3 ("**Target Telephone-4**"). **Target Telephone-4** is serviced by T-Mobile and is subscribed using the address 775 Riverside Drive 6I, New York, New York, but has no subscriber name.

5. The foregoing devices will be searched for evidence of violations of Title 21, United States Code, Sections 841(a)(1) (b)(1)(C), 846 (Possession with Intent to Distribute Controlled Substances, Conspiracy to Possess with the Intent to Distribute Controlled Substances); Title 18, United States Code Sections 933(a)(3), 933(b), 933(a)(1)   (Firearm Trafficking Conspiracy and Firearms Trafficking Transfer) (collectively, the "**Target Offenses**"), as set forth more particularly in Attachments B-1, B-2, and B-3, respectively.

6. The facts in this affidavit come from my personal observations, my training and experience, and my conversations with Special Agents and Task Force Officers.  This affidavit is intended to show merely that there is probable cause for the requested criminal complaints, arrest warrants and search warrant and does not set forth all of my knowledge regarding this matter.

7. The investigation has employed several different investigative techniques, including, but not limited to:

   i. the gathering of intelligence from reliable cooperating sources;

   ii. the examination of records, including call detail records and motor vehicle records;

   iii. the use of pen registers and trap-and-trace devices;

    iv.  physical surveillance;

    v.  controlled purchases of drugs and firearms;

    vi.  global positioning system (GPS) devices affixed to vehicles;

    vii.  the execution of court-authorized search warrants;

    viii.  Motor vehicle stops

8.      Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe VASQUEZ, PEREZ, and BENOIT, together with others known and unknown, have committed violations of the **Target Offenses.** There is also probable cause to search the information described in Attachments A-1, A-2, and A-3 for evidence of these crimes further described in Attachments B-1, B-2, and B-3.

## JURISDICTION

9.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## BACKGROUND INVESTIGATION

10.     Agents and Task Force Officers of the FBI are conducting an investigation into a drug trafficking organization ("DTO") led by Angel Delarosa ("Delarosa"). Delarosa resides in the Dominican Republic and has used Angel VASQUEZ, Alvaro PEREZ, and Giovanni BENOIT and others known and unknown to distribute drugs and firearms in the Waterbury, New Haven, and Bridgeport areas of Connecticut, as well as New York City and Newark, New Jersey.

11.    Based on the information described below, Delarosa has continued supplying large quantities of fentanyl, counterfeit pills pressed with fentanyl, methamphetamine and firearms to the state of Connecticut while residing in the Dominican Republic.

12.    Between about October 1, 2024, and the present, investigators have conducted approximately four controlled firearm purchases and approximately 34 controlled drug purchases from Delarosa and his associates.  Specifically, Delarosa arranged these controlled purchases with FBI sources, using his associates in Connecticut, New York, or New Jersey to complete the transactions, including VASQUEZ, PEREZ, BENOIT, and others known and unknown.

13.    On November 25, 2025, I submitted an affidavit authorizing historical and prospective location information for **Target Telephone-2** and **Target Telephone-3** as well as cell-site simulator authority, each for 30 days; search warrants for the physical devices associated with **Target Telephone-2, Target Telephone-3** and **Target Telephone-4**; and criminal complaints and arrest warrants for PEREZ, VASQUEZ, BENOIT and others. While the warrants for historical and prospective cell-site information were executed, the warrants for cell-site simulators, the devices themselves, and arrest warrants were not. I hereby adopt and incorporate the affidavit signed on November 25, 2025, which is attached as Attachment C. The contents of Attachment C are true and accurate to the best of my knowledge, and establish probable cause to search the **Target Devices**. Additional information regarding the seizure of the devices is set out below.

**January 30, 2026 Arrests**

14.    On December 9, 2025, a federal grand jury returned a fifteen-count indictment charging VASQUEZ, PEREZ, BENOIT, and others with several firearms and narcotics related

offenses.[1] Arrests were not immediately made because FBI New Haven was coordinating with the FBI and Dominican government regarding the arrest of Delarosa. Investigators determined that arresting Delarosa's domestic redistributors without arresting Delarosa would likely cause Delarosa to flee, hide, destroy evidence, and/or hide assets.

15.    On January 30, 2026, arrests were conducted for Delarosa (in the Dominican Republic), VASQUEZ, PEREZ, BENOIT, and others known to me.

16.    VASQUEZ was arrested by the FBI New Haven SWAT team. VASQUEZ exited the residence and surrendered to the SWAT team. The SWAT Team leader requested that VASQUEZ's girlfriend, who was in the house, bring VASQUEZ clothes and his cell phone. When she did, investigators called **Target Telephone-2** and observed that the device brought out of the residence rang.

17.    PEREZ was arrested by FBI New Haven. PEREZ was observed in possession of a cellular device, which he was using to film Agents after the door to his apartment was breached. PEREZ put this device down on a table prior to surrendering and exiting his apartment. Special

---

[1] Specifically, Perez was charged with (1) conspiracy to distribute or possess with intent to distribute fentanyl in violation of 21 U.S.C. §§ 846 and 841(a)(1); and (2) two counts of possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi).

Vasquez was charged with (1) conspiracy to distribute or possess with intent to distribute fentanyl in violation of 21 U.S.C. §§ 846 and 841(a)(1); (2) conspiracy to traffic firearms in violation of 18 U.S.C. §§ 933(a)(3) and 933(b); (3) possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (4) firearms trafficking transfer in violation of 18 U.S.C. §§ 933(a)(1) and 933(b); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

Benoit was charged with (1) conspiracy to distribute or possess with intent to distribute fentanyl in violation of 21 U.S.C. §§ 846 and 841(a)(1); (2) conspiracy to traffic firearms in violation of 18 U.S.C. §§ 933(a)(3) and 933(b); (3) firearms trafficking transfer in violation of 18 U.S.C. §§ 933(a)(1) and 933(b); and (4) two counts of possession with intent to distribute methamphetamine or fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and 841(b)(1)(B)(vi).

Agent Halpin confirmed this device to be **Target Telephone-3** by bringing the device outside to FBI New Haven Technically Trained Agents who were on scene to confirm the location of **Target Telephone-3** through a Cell-Site Simulation, for which was authorized via search warrant on January 21, 2026.

18.     BENOIT was arrested at his apartment in Manhattan, New York. BENOIT exited his apartment at the instruction of Agents. BENOIT then requested additional clothing, so the Agents accompanied BENOIT inside. The Agents assisted BENOIT with putting on his clothing. In the pants that BENOIT agreed to put on, investigators located a clear plastic bag of white powder and a clear plastic bag of multi-colored pills. The powder field tested positive for cocaine and the pills field tested positive for heroin.  Near BENOIT's clothing were two cellular devices. BENOIT admitted that both devices belonged to him but instructed Agents to only take the black one. The Agents seized both cellular devices.[2]

### **Electronic Storage and Forensic Analysis of Cellular Devices**

19.     Based on my training and experience, I know that narcotics traffickers often use cellular telephones and often speak to one another using coded, cryptic or slang words and phrases, in the belief that, by doing so, they can thwart the efforts of law enforcement to identify them and their activities and to seize their drugs and/or assets. From my experience, I am familiar with many of the codes, words and phrases that are frequently used by drug traffickers in the acquisition and

---

[2] The FBI Computer Analysis Response Team can determine which of the two devices is **Target Telephone-4** based on the associated telephone number by initiating a download of each device, determining which device is **Target Telephone-4** and then aborting the download of the device which is not **Target Telephone-4**. No downloaded data will be stored for that device The second device that is determined not to be **Target Telephone-4** will be returned to BENOIT.

distribution of narcotics. I know that drug traffickers frequently have access to several cellular telephones, and that they periodically use newly acquired cellular telephones. I also know that narcotics traffickers and distributors frequently use cellular telephones subscribed to by other persons or businesses and prepaid cellular telephones that require the purchaser to provide little or no identifying information to purchase, activate, and utilize, all of which is done to avoid detection and thwart the efforts of law enforcement.

20.    As described above and in Attachments B-1, B-2, and B-3, the undersigned Affiant seeks permission to search **Target Telephones-2, 3,** and **4**. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Even when a user deletes information from a device, it can sometimes be recovered with forensics tools. Similarly, things that have been viewed via the Internet are typically stored for some period on the device. This information can sometimes be recovered with forensics tools.

21.    Searching for the evidence described in Attachments B-1, B-2, and B-3 may require a range of data analysis techniques. In some cases, agents and computer analysts may be able to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. In other cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide information, encode communications to avoid using key words, attempt to delete information to evade detection, or take other steps designed to frustrate law enforcement searches for information. These steps may require agents and law enforcement or other analysts with appropriate expertise to conduct more extensive searches, such as scanning storage areas unrelated to things described in Attachments B-1, B-2, and B-3, or perusing all stored

information briefly to determine whether it falls within the scope of the warrant. Considering these difficulties, FBI, or other law enforcement agency, intends to use whatever data analysis techniques appear necessary to locate and retrieve the evidence described in Attachments B-1, B-2, and B-3, B-2, and B-3.

22.     Based on my training, experience, I also know that **Target Telephones-2, 3,** and **4** may have some or all of the capabilities that allow each phone to serve as a wireless telephone, digital camera and video recorder, portable media player, global positioning system (GPS) navigation device, a hand-held radio, and a personal digital assistant (PDA).  In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the particular device, as well as evidence relating to co-conspirators with whom the device was in contact.

23.     Based on my training and experience, and as set forth in this affidavit, I know wireless telephones are used by co-conspirators to communicate efforts to conduct criminal activities and it is likely that **Target Telephones-2, 3,** and **4** were and are being used by VASQUEZ, PEREZ, and BENOIT, respectively, to communicate with co-conspirators regarding the Target Offenses. Furthermore, based on my training and experience, I know that internet-browsing history in wireless phones can contain evidence of text communications between co-conspirators who distribute narcotics, or conspire to do so. Also based on my training and experience, I know that internet-browsing history in wireless phones can contain evidence of internet searches for locations and addresses used for storing and distributing narcotics. Also based on my training and experience, wireless phones may contain videos and images of co-conspirators, possible locations to ship, receive, or store narcotics, the quantity of narcotics, as well as shipping

9

packages within which the narcotics are concealed. Specifically, based on my training and experience, I know the following information tends to exist on wireless telephones, including phones used by those involved in the distribution of narcotics:

a.  the telephone number, ESN number, IMEI number, other identifying number, serial number, and SIM card number of said telephone;

b.  the numbers, digits, stored messages (voice and/or text), letters, symbols, data, information, and images stored in the memory of said device;

c.  descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to, the above-described crimes;

d.  any and all records, however created or stored, which tend to demonstrate ownership and use of the phone, and identification bearing the name or photograph of any person, telephone-books, address books, date books, calendars, personal files, and photographs of persons contained in the phone;

e.  any and all evidence showing or tending to show the identity of the maker or user of the data and information contained in the phone, such as passwords, sign-on codes, and program design;

f.  GPS coordinates, waypoints, destinations, addresses, and location search parameters associated with GPS navigation software;

g.  saved searches, locations, and route history in the memory of said devices;

h.  internet browsing history, to include, internet searches in the memory of said device; and

       i.   images and videos in the memory of said device.

24.     It is also requested that the Court authorize the retrieval of the above-described stored electronic information by printing said stored electronic information or otherwise reproducing said stored electronic information, by converting said stored electronic information, or by copying said stored electronic information into storage in another device. I am aware that in some cases the software or equipment necessary to analyze wireless telephones in this manner is not readily available to law enforcement during the course of the execution of a search and/or arrest warrant. Further, turning on wireless phones in a non-laboratory setting, where there is no "jammer" active or radio shielding devices, permits additional signals to be received by the phone and thereby alters the data present in the phone at the time of seizure. Therefore, it is often necessary to remove a seized phone to a laboratory in order to preserve the data therein from being corrupted.

25.     It is also requested that the warrant be deemed executed once the items listed in Attachments B-1, B-2, and B-3, B-2, and B-3 have been begun from the phone and that further analysis of the seized items be permitted at any time thereafter.

26.     It is also requested that stored electronic information, data, information and images contained in **Target Telephones-2, 3, and 4** may be reproduced by printing said stored electronic information or otherwise reproducing said stored electronic information, by converting said stored electronic information, or by copying said stored electronic information into storage in another device.

27.     Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to the Federal Rule of Criminal Procedure 41, as I believe, based on the facts set forth

above, that the search of **Target Telephone-2, Target Telephone-3** and **Target Telephone-4** will lead to evidence of the **Target Offenses**.

28.     Because the **Target Devices** are presently in the possession of law enforcement, I further request that the Court authorize execution of the warrant at any time of day or night.

Respectfully submitted,

RYAN
HALPIN

Digitally signed by RYAN
HALPIN
Date: 2026.02.06
12:39:26 -05'00'

Ryan Halpin
Special Agent
Federal Bureau of Investigation

Subscribed and sworn ___via Teams___ in New Haven, Connecticut, on February 6___, 2026

Maria E. Garcia

Digitally signed by Maria E.
Garcia
Date: 2026.02.06 13:22:04 -05'00'

HON. ___Maria E. Garcia___
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A-1

### Property to be Searched (Target Telephone-2)

The cellular device assigned number 203-558-9036, used by Angel VASQUEZ (**Target Telphone-2**).

This warrant authorizes the forensic examination of the **Target Telephone-2** for the purpose of identifying the electronically stored information described in Attachment B-1.

## ATTACHMENT B-1

### DESCRIPTION OF THINGS TO BE SEIZED (**Target Telephone-2**)

All records and information contained in **Target Telephone-2** described in Attachment A-1 that relate to violations of federal law, specifically, violations of Title 21, United States Code, Sections 841(a)(1) (b)(1)(C), 846 (Possession with Intent to Distribute Controlled Substances, Conspiracy to Possess with the Intent to Distribute Controlled Substances); Title 18, United States Code Sections 933(a)(3), 933(b), 933(a)(1) (Firearm Trafficking Conspiracy and Firearms Trafficking Transfer) (collectively, the "**Target Offenses**") by Angel VASQUEZ and others, including but not limited to the following, as they relate to the above-listed offenses committed between **September 2024** and **November 2025**:

j. the telephone number, ESN number, IMEI number, other identifying number, serial number, and SIM card number of said telephone;

k. the numbers, digits, stored messages (voice and/or text), letters, symbols, data, information, and images stored in the memory of said device;

l. descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to, the above-described crimes;

m. any and all records, however created or stored, which tend to demonstrate ownership and use of the phone, and identification bearing the name or photograph of any person, telephone-books, address books, date books, calendars, personal files, and photographs of persons contained in the phone;

n. any and all evidence showing or tending to show the identity of the maker or user of the data and information contained in the phone, such as passwords, sign-on codes, and program design;

o. GPS coordinates, waypoints, destinations, addresses, and location search parameters associated with GPS navigation software;

p. saved searches, locations, and route history in the memory of said devices;

q. internet browsing history, to include, internet searches in the memory of said device; and

r. images and videos in the memory of said device.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form. The records and information include all records and information pertaining to the commission of the Target Offenses from September 2024 through

2

November 2025, regardless of when such records and information were first created or any dates associated with the records and information stored in **Target Telephone-2**.

It is specifically authorized that stored electronic information, data, information and images contained in the above-described telephone may be reproduced by printing said stored electronic information or otherwise reproducing said stored electronic information, by converting said stored electronic information, or by copying said stored electronic information into storage in another device(s).

To the extent that **Target Telephone-2** contains removable storage media and/or other devices, examination of such removable media and/or devices is specifically authorized for the same evidence as described in this attachment.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

3

**ATTACHMENT A-2**

**Property to be Searched (Target Telephone-3)**

The cellular device assigned number 475-337-8705, used Alvaro PEREZ (**Target Telphone-3**).

This warrant authorizes the forensic examination of the **Target Telephone-3** for the purpose of identifying the electronically stored information described in Attachment B-2.

**ATTACHMENT B-2**

DESCRIPTION OF THINGS TO BE SEIZED (**Target Telephone-3**)

All records and information contained in **Target Telephone-3** described in Attachment A-1 that relate to violations of federal law, specifically, violations of Title 21, United States Code, Sections 841(a)(1) (b)(1)(C), 846 (Possession with Intent to Distribute Controlled Substances, Conspiracy to Possess with the Intent to Distribute Controlled Substances); Title 18, United States Code Sections 933(a)(3), 933(b), 933(a)(1) (Firearm Trafficking Conspiracy and Firearms Trafficking Transfer) (collectively, the "**Target Offenses**") by Alvaro PEREZ and others, including but not limited to the following, as they relate to the above-listed offenses committed between **September 2024** and **October 2025**:

- a. the telephone number, ESN number, IMEI number, other identifying number, serial number, and SIM card number of said telephone;

- b. the numbers, digits, stored messages (voice and/or text), letters, symbols, data, information, and images stored in the memory of said device;

- c. descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to, the above-described crimes;

- d. any and all records, however created or stored, which tend to demonstrate ownership and use of the phone, and identification bearing the name or photograph of any person, telephone-books, address books, date books, calendars, personal files, and photographs of persons contained in the phone;

- e. any and all evidence showing or tending to show the identity of the maker or user of the data and information contained in the phone, such as passwords, sign-on codes, and program design;

- f. GPS coordinates, waypoints, destinations, addresses, and location search parameters associated with GPS navigation software;

- g. saved searches, locations, and route history in the memory of said devices;

- h. internet browsing history, to include, internet searches in the memory of said device; and

- i. images and videos in the memory of said device.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form. The records and information include all records and information pertaining to the commission of the Target Offenses from September 2024 through

October 2025, regardless of when such records and information were first created or any dates associated with the records and information stored in **Target Telephone-3**.

It is specifically authorized that stored electronic information, data, information and images contained in the above-described telephone may be reproduced by printing said stored electronic information or otherwise reproducing said stored electronic information, by converting said stored electronic information, or by copying said stored electronic information into storage in another device(s).

To the extent that **Target Telephone-3** contains removable storage media and/or other devices, examination of such removable media and/or devices is specifically authorized for the same evidence as described in this attachment.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

3

## ATTACHMENT A-3

### Property to be Searched (Target Telephone-4)

The cellular device assigned number 212-470-1817, used Giovanni BENOIT (**Target Telphone-4**).

This warrant authorizes the forensic examination of the **Target Telephone-4** for the purpose of identifying the electronically stored information described in Attachment B-3.

## **ATTACHMENT B-3**

### DESCRIPTION OF THINGS TO BE SEIZED (**Target Telephone-4**)

All records and information contained in **Target Telephone-4** described in Attachment A-1 that relate to violations of federal law, specifically, violations of Title 21, United States Code, Sections 841(a)(1) (b)(1)(C), 846 (Possession with Intent to Distribute Controlled Substances, Conspiracy to Possess with the Intent to Distribute Controlled Substances); Title 18, United States Code Sections 933(a)(3), 933(b), 933(a)(1) (Firearm Trafficking Conspiracy and Firearms Trafficking Transfer) (collectively, the "**Target Offenses**") by Giovanni BENOIT and others, including but not limited to the following, as they relate to the above-listed offenses committed between **May 2025** and **September 2025**:

a. the telephone number, ESN number, IMEI number, other identifying number, serial number, and SIM card number of said telephone;

b. the numbers, digits, stored messages (voice and/or text), letters, symbols, data, information, and images stored in the memory of said device;

c. descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to, the above-described crimes;

d. any and all records, however created or stored, which tend to demonstrate ownership and use of the phone, and identification bearing the name or photograph of any person, telephone-books, address books, date books, calendars, personal files, and photographs of persons contained in the phone;

e. any and all evidence showing or tending to show the identity of the maker or user of the data and information contained in the phone, such as passwords, sign-on codes, and program design;

f. GPS coordinates, waypoints, destinations, addresses, and location search parameters associated with GPS navigation software;

g. saved searches, locations, and route history in the memory of said devices;

h. internet browsing history, to include, internet searches in the memory of said device; and

i. images and videos in the memory of said device.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form. The records and information include all records and information pertaining to the commission of the Target Offenses from May 2025 through

2

September 2025, regardless of when such records and information were first created or any dates associated with the records and information stored in **Target Telephone-4**.

It is specifically authorized that stored electronic information, data, information and images contained in the above-described telephone may be reproduced by printing said stored electronic information or otherwise reproducing said stored electronic information, by converting said stored electronic information, or by copying said stored electronic information into storage in another device(s).

To the extent that **Target Telephone-4** contains removable storage media and/or other devices, examination of such removable media and/or devices is specifically authorized for the same evidence as described in this attachment.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.